Michael B. Carlinsky
michaelcarlinsky@quinnemanuel.com
Maria Ginzburg
mariaginzburg@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: 212) 849-7000
Fax: (212) 849-7100

*Attorneys for all Plaintiffs*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION | Case No. 11-ML-02265-MRP (MANx) |
| AMERICAN INTERNATIONAL GROUP, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, et al., <br><br> Defendants. | Case No. 11-ML-10549-MRP (MANx) <br><br> **STIPULATION REGARDING PROTECTIVE ORDER FOR MAIDEN LANE II DISCOVERY** <br><br> **(PROPOSED ORDER CONCURRENTLY FILED)** <br><br> Courtroom: 12 <br> Judge: Hon. Mariana R. Pfaelzer |

To facilitate the discovery concerning the Maiden Lane II Asset Purchase Agreement contemplated by the Court in its January 30, 2013 Order ("ML II Discovery Material"), the parties and non-party Maiden Lane II LLC, through its managing member, the Federal Reserve Bank of New York (individually, a "Discovery Participant," and collectively, "Discovery Participants") hereby stipulate as follows:

1. Any Discovery Participant who receives from any other Discovery Participant any information of any kind provided in the course of ML II Discovery that has been designated "Confidential" pursuant to the terms of this stipulation shall not disclose such Confidential ML II Discovery Material to anyone else except as expressly permitted hereunder.

2. The Discovery Participant who produces or provides any ML II Discovery, including deposition testimony, may designate as Confidential only such portion of ML II Discovery Material as consists of:

(a) previously nondisclosed business and transaction documents or negotiations, including drafts of transaction documents, settlement agreements, and settlement amounts and communications concerning the same;

(b) previously nondisclosed confidential, sensitive, or nonpublic financial information and statements; trade secrets; proprietary business information, including business plans and records of internal deliberations and decision-making; policies and procedures not generally published, and proprietary information having intrinsic value due in substantial part to its non-public nature;

(c) any nonpublic personal information (within the meaning of the Gramm Leach Bliley Act, 15 USC § 6802), or other information of personal or intimate nature regarding any individual;

(d) any other category of information hereinafter given Confidential status by the Discovery Participants or by the Court.

3. No Discovery Participant other than the Discovery Participant

producing the subject Confidential ML II Discovery Material shall disclose any of the subject Confidential ML II Discovery Material to any other person except to:

    (a) the Discovery Participants and their respective counsel and support personnel (including document processing vendors);

    (b) as to any document, its author, its addressee and any other person indicated on the face of the document or by other documents contemporaneously appended to the document (such as a cover e-mail) as having received a copy;

    (c) those officers, directors, and representatives (including legal representatives) of the Discovery Participants deemed necessary to aid counsel in their representation of the Discovery Participants;

    (d) the four deponents contemplated by the Court's Order of January 30, 2013; and,

    (e) the Court, court reporters, any special master or mediator, and each of their respective support personnel.

4.    The Discovery Participants shall not designate ML II Discovery Material as Confidential absent a good faith belief that such material is Confidential as set forth herein.  All Confidential ML II Discovery Material filed with the Court shall be filed under seal pursuant to Local Rule 79-5 and kept under seal until further order of the Court.  The Discovery Participants will use their best efforts to minimize such sealing.  All portions of pleadings, motions or other papers filed with the Court that disclose the contents Confidential ML Discovery Materials shall be filed under seal, with a redacted version redacting the Confidential portions filed in the public record.

5.    Any Discovery Participant who objects to any designation of confidentiality may, at any time prior to trial, serve upon counsel for the designating Discovery Participant a written notice, specifying in reasonable detail the reason(s) for the objection, and shall otherwise comply with Local Civil Rule 37-1.  The affected Discovery Participants shall promptly meet and confer in an

- 2 -

20225848.1
20179794.2

1   effort to resolve their differences.  If agreement cannot be reached promptly, any of

2   the affected Discovery Participants may apply to the Court for relief in accordance

3   with Local Civil Rules 37-2 and 37-3.  The producing Discovery Participant shall

4   have the burden of demonstrating that the challenged information is deserving of

5   confidential treatment under the terms of this stipulation.  If the producing

6   Discovery Participant does not make such an application to the Court within five

7   (5) calendar days after impasse, the challenged information will no longer be

8   considered Confidential under this stipulation.  While any such application is

9   pending, the challenged information will remain Confidential until the Court rules

10              6.      All persons who have access to Confidential ML II Discovery

11  Material shall take all due precautions to prevent the unauthorized or inadvertent

12  disclosure of such material.  If any Discovery Participant inadvertently discloses

13  Confidential ML Discovery to persons not authorized under this stipulation to

14  receive such information, such disclosure shall be reported in writing, via overnight

15  delivery service or email, to the other Discovery Participants within three (3)

16  business days of the discovery of such unauthorized disclosure.  Counsel for the

17  Discovery Participant making the unauthorized disclosure shall take all reasonable

18  efforts to retrieve the Confidential ML Discovery Material that was inadvertently

19  disclosed and to obtain the agreement of person to whom inadvertent disclosure

20  was made to treat such information in accordance with the terms of this stipulation.

21              7.      All documents designated as Confidential ML II Discovery

22  Material shall be so designated by marking each page of a document with the

23  legend "CONFIDENTIAL DISCOVERY MATERIAL," or, for documents

24  produced in native format or as may otherwise be agreed upon by the Discovery

25  Participants, by Bates range, in a letter accompanying their production and by

26  stamping the media in which such documents are transmitted.  Deposition

27  testimony may be designated Confidential by designating it as such

28  contemporaneously on the record at the deposition, or by a Discovery Participant

providing notice within five days after the court reporter's release of the transcript as to those pages and lines of the transcript that are designated Confidential. Documents may be designated as Confidential at any time.

8. The Discovery Participants agree to be bound by the terms of this stipulation and Order pending the entry by the Court of this stipulation and Order, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulation and Order had been entered by the Court.

9. This stipulation shall apply only to this action and does not otherwise govern disclosure of confidential information in the MDL proceeding, Case No. 11-ML-02265-MRP (MANx) (C.D.Cal.), or any other action or proceeding, except that the Discovery Participants agree that they may use Confidential ML II Discovery Material in *American International Group, Inc., et al. v. Bank of America Corp.*, *et al.*, Case No. 11-cv-6212 (LAK) (S.D.N.Y), and in *American International Group, Inc., et al. v. Maiden Lane II, LLC*, Case No. 13-cv-00951 (LAK) (S.D.N.Y.).  ML II Discovery Material shall be used solely for the purpose of preparing for, and conducting, the prosecution or defense of these two actions and the above-captioned action, including any appeals thereof, and shall not be used by the Discovery Participants or any other person for any commercial, business, competitive or other purpose.

10. If a Discovery Participant inadvertently produces information subject to a claim of attorney-client privilege, attorney work product, or other applicable privilege or protection, such production shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product or other protection. The Discovery Participant that inadvertently produces shall give prompt notice to claw back the inadvertently produced information, and the other Discovery Participants shall, upon receiving such notice, promptly return or destroy the so-identified inadvertently produced information.  Any receiving Discovery Participant may move the Court for an Order compelling production of the inadvertently

1 produced information, in accordance with Local Rules 37-1 through 37-4. Any
2 such motion to compel may not assert as a ground the fact or circumstance of the
3 inadvertent production.

4     11. If any Discovery Participant is served with a subpoena or
5 discovery request in another proceeding or matter that seeks Confidential ML II
6 Discovery Material produced by any of the other Discovery Participants, that
7 Discovery Participant shall promptly, and before any disclosure or production of
8 Confidential ML Discovery Material, give notice to the other Discovery
9 Participants along with a copy of the subpoena or request, so that the other
10 Discovery Participants can seek a protective order or similar relief. Should a
11 Discovery Participant seek a protective order or similar relief, the other Discovery
12 Participants shall not produce any of Confidential ML Discovery Material until a
13 decision that orders such production.

14     12. This stipulation is without prejudice to the rights of the
15 Discovery Participants to agree upon or seek further limits on disclosure or
16 protections for the confidentiality of any ML II Discovery Material (whether or not
17 designated as Confidential) in addition to the limits and protections provided
18 herein. Notwithstanding any provision contained herein, nothing in this stipulation
19 shall restrict in any way the right of a Discovery Participant to make use of its own
20 documents or discovery material in any way it deems fit.

21     13. This stipulation applies only to the ML II Discovery Material,
22 and may be amended by written agreement by the Discovery Participants hereto,
23 and/or by further Court order after notice and opportunity to be heard. The Court
24 shall retain jurisdiction over the Discovery Participants hereto to the extent
25 necessary to enforce any obligations arising hereunder or to impose sanctions for
26 any contempt thereof.

27     14. Within 30 days after the final disposition of this action, all
28 Confidential ML II Discovery Material, and all copies, portions, summaries, or

1  abstracts thereof, shall, subject to commercially reasonable efforts, be returned to
2  the Discovery Participant that produced the Confidential information, or, upon
3  permission of the producing Discovery Participant, destroyed, *provided, however,*
4  that counsel for the Discovery Participants may retain a file copy of work product
5  created in connection with the action.  Such work product shall continue to be kept
6  confidential pursuant to this stipulation.
7        IT IS SO STIPULATED.

| | | |
|---|---|---|
| 1 | DATED: March 4, 2013 | RESPECTFULLY SUBMITTED, |
| 2 | | By: /s/ Jennifer Achilles |

James L. Sanders (SBN 126921)
jsanders@reedsmith.com
David M. Halbreich (SBN 138926)
dhalbreich@reedsmith.com
Francisca M. Mok (SBN 206063)
fmok@reedsmith.com
**REED SMITH LLP**
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

Amy J. Greer (*pro hac vice*)
agreer@reedsmith.com
Jennifer L. Achilles (*pro hac vice*)
jachilles@reedsmith.com
**REED SMITH LLP**
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

*Attorneys for Defendants*
Countrywide Financial Corporation, Countrywide Capital Markets LLC, Countrywide Home Loans, Inc., Countrywide Securities Corporation, CWABS, INC., and CWALT, INC., CWHEQ, Inc., and CWMBS, Inc.

- 7 -

STIP. RE PROTECTIVE ORDER FOR
MAIDEN LANE II DISCOVERY
#11-CV-10549-MRP (MANx)

20225848.1
20179794.2

| | |
|---|---|
| DATED: March 4, 2013 | RESPECTFULLY SUBMITTED,<br><br>By: _____<br><br>Marc T.G. Dworsky (SBN 157413)<br>Marc.Dworsky@mto.com<br>Stephen M. Kristovich (SBN 082164)<br>Steve.Kristovich@mto.com<br>Richard St. John (SBN 202560)<br>Richard.StJohn@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 683-9100<br>Fax: (213) 687-3702<br><br>David H. Fry (SBN 189276)<br>David.Fry@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105<br>Tel: (415) 512-4000<br>Fax: (415) 644-6982<br><br>*Attorneys for Defendants*<br>Bank of America Corporation, Banc of America Securities LLC, Bank Of America, National Association, NB Holdings Corporation, Merrill Lynch & Co., Inc., and Merrill Lynch, Pierce, Fenner & Smith Inc. |

| | | |
|---|---|---|
| 1 | DATED: March 4, 2013 | RESPECTFULLY SUBMITTED, |
| 2 | | By: /s/ |

James R. Asperger (SBN 83188)
jimasperger@quinnemanuel.com
Katherine P. Soby (SBN 241073)
kathysoby@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Michael B. Carlinsky
michaelcarlinsky@quinnemanuel.com
Maria Ginzburg
mariaginzburg@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

*Attorneys for all Plaintiffs*

DATED: March 4, 2013   RESPECTFULLY SUBMITTED,

By: /s/ John S. Kiernan (JES)

John S. Kiernan
jskiernan@debevoise.com
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Tel: (212-909-6000
Fax: (212) 909-6836

*Attorneys for Maiden Lane II LLC*

- 9 -

STIP. RE PROTECTIVE ORDER FOR MAIDEN LANE II DISCOVERY
#11-CV-10549-MRP (MANx)