1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION | Case No. 11-ML-02265-MRP (MANx) |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | Case No. 11-ML-10549-MRP (MANx) |
| Plaintiffs, | [PROPOSED] PROTECTIVE ORDER FOR MAIDEN LANE II DISCOVERY |
| v. | Courtroom: 12 |
| BANK OF AMERICA CORPORATION, et al., | Judge:   Hon. Mariana R. Pfaelzer |
| Defendants. | |

20235266.1

[PROPOSED] PROTECTIVE ORDER RE
MAIDEN LANE II DISCOVERY
#11-CV-10549-MRP (MANx)

1  Pursuant to the Stipulation Regarding Protective for Maiden Lane II
2  Discovery agreed upon by the parties and non-party Maiden Lane II LLC, through
3  its managing member, the Federal Reserve Bank of New York (individually, a
4  "Discovery Participant," and collectively, "Discovery Participants"), it is hereby
5  ORDERED:
6      1.    Any Discovery Participant who receives from any other
7  Discovery Participant any information of any kind provided in the course of ML II
8  Discovery that has been designated "Confidential" pursuant to the terms of this
9  Order shall not disclose such Confidential ML II Discovery Material to anyone else
10 except as expressly permitted hereunder.
11     2.    The Discovery Participant who produces or provides any ML II
12 Discovery, including deposition testimony, may designate as Confidential only
13 such portion of ML II Discovery Material as consists of:
14     (a) previously nondisclosed business and transaction documents or
15 negotiations, including drafts of transaction documents, settlement agreements, and
16 settlement amounts and communications concerning the same;
17     (b) previously nondisclosed confidential, sensitive, or nonpublic
18 financial information and statements; trade secrets; proprietary business
19 information, including business plans and records of internal deliberations and
20 decision-making; policies and procedures not generally published, and proprietary
21 information having intrinsic value due in substantial part to its non-public nature;
22     (c) any nonpublic personal information (within the meaning of the
23 Gramm Leach Bliley Act, 15 USC § 6802), or other information of personal or
24 intimate nature regarding any individual;
25     (d) any other category of information hereinafter given Confidential
26 status by the Discovery Participants or by the Court.
27     3.    No Discovery Participant other than the Discovery Participant
28 producing the subject Confidential ML II Discovery Material shall disclose any of

the subject Confidential ML II Discovery Material to any other person except to:

(a) the Discovery Participants and their respective counsel and support personnel (including document processing vendors);

(b) as to any document, its author, its addressee and any other person indicated on the face of the document or by other documents contemporaneously appended to the document (such as a cover e-mail) as having received a copy;

(c)  those officers, directors, and representatives (including legal representatives) of the Discovery Participants deemed necessary to aid counsel in their representation of the Discovery Participants;

(d) the four deponents contemplated by the Court's Order of January 30, 2013; and,

(e) the Court, court reporters, any special master or mediator, and each of their respective support personnel.

4. The Discovery Participants shall not designate ML II Discovery Material as Confidential absent a good faith belief that such material is Confidential as set forth herein. All Confidential ML II Discovery Material filed with the Court shall be filed under seal pursuant to Local Rule 79-5 and kept under seal until further order of the Court. The Discovery Participants will use their best efforts to minimize such sealing. All portions of pleadings, motions or other papers filed with the Court that disclose the contents Confidential ML Discovery Materials shall be filed under seal, with a redacted version redacting the Confidential portions filed in the public record.

5. Any Discovery Participant who objects to any designation of confidentiality may, at any time prior to trial, serve upon counsel for the designating Discovery Participant a written notice, specifying in reasonable detail the reason(s) for the objection, and shall otherwise comply with Local Civil Rule 37-1. The affected Discovery Participants shall promptly meet and confer in an effort to resolve their differences. If agreement cannot be reached promptly, any of

the affected Discovery Participants may apply to the Court for relief in accordance with Local Civil Rules 37-2 and 37-3. The producing Discovery Participant shall have the burden of demonstrating that the challenged information is deserving of confidential treatment under the terms of this Order. If the producing Discovery Participant does not make such an application to the Court within five (5) calendar days after impasse, the challenged information will no longer be considered Confidential under this Order. While any such application is pending, the challenged information will remain Confidential until the Court rules.

6. All persons who have access to Confidential ML II Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If any Discovery Participant inadvertently discloses Confidential ML Discovery to persons not authorized under this Order to receive such information, such disclosure shall be reported in writing, via overnight delivery service or email, to the other Discovery Participants within three (3) business days of the discovery of such unauthorized disclosure. Counsel for the Discovery Participant making the unauthorized disclosure shall take all reasonable efforts to retrieve the Confidential ML Discovery Material that was inadvertently disclosed and to obtain the agreement of person to whom inadvertent disclosure was made to treat such information in accordance with the terms of this Order.

7. All documents designated as Confidential ML II Discovery Material shall be so designated by marking each page of a document with the legend "CONFIDENTIAL DISCOVERY MATERIAL," or, for documents produced in native format or as may otherwise be agreed upon by the Discovery Participants, by Bates range, in a letter accompanying their production and by stamping the media in which such documents are transmitted. Deposition testimony may be designated Confidential by designating it as such contemporaneously on the record at the deposition, or by a Discovery Participant providing notice within five days after the court reporter's release of the transcript

1  as to those pages and lines of the transcript that are designated Confidential.
2  Documents may be designated as Confidential at any time.
3          8.      The Discovery Participants are bound by and this Order applies
4  to any ML Discovery Material provided prior to its entry, and any violation of its
5  terms shall be subject to the same penalties and sanctions.
6          9.      This Order shall apply only to this action and does not otherwise
7  govern disclosure of confidential information in the MDL proceeding, Case No. 11-
8  ML-02265-MRP (MANx) (C.D.Cal.), or any other action or proceeding, except that
9  the Discovery Participants agree that they may use Confidential ML II Discovery
10 Material in *American International Group, Inc., et al. v. Bank of America Corp.*, *et
11 al.*, Case No. 11-cv-6212 (LAK) (S.D.N.Y), and in *American International Group,
12 Inc., et al. v. Maiden Lane II, LLC*, Case No. 13-cv-00951 (LAK) (S.D.N.Y.).  ML
13 II Discovery Material shall be used solely for the purpose of preparing for, and
14 conducting, the prosecution or defense of these two actions and the above-
15 captioned action, including any appeals thereof, and shall not be used by the
16 Discovery Participants or any other person for any commercial, business,
17 competitive or other purpose.
18         10.     If a Discovery Participant inadvertently produces information
19 subject to a claim of attorney-client privilege, attorney work product, or other
20 applicable privilege or protection, such production shall not constitute or be deemed
21 a waiver or forfeiture of any claim of privilege, work product or other protection.
22 The Discovery Participant that inadvertently produces shall give prompt notice to
23 claw back the inadvertently produced information, and the other Discovery
24 Participants shall, upon receiving such notice, promptly return or destroy the so-
25 identified inadvertently produced information.  Any receiving Discovery Participant
26 may move the Court for an Order compelling production of the inadvertently
27 produced information, in accordance with Local Rules 37-1 through 37-4.  Any
28 such motion to compel may not assert as a ground the fact or circumstance of the

1  inadvertent production.

2  11.  If any Discovery Participant is served with a subpoena or
3  discovery request in another proceeding or matter that seeks Confidential ML II
4  Discovery Material produced by any of the other Discovery Participants, that
5  Discovery Participant shall promptly, and before any disclosure or production of
6  Confidential ML Discovery Material, give notice to the other Discovery
7  Participants along with a copy of the subpoena or request, so that the other
8  Discovery Participants can seek a protective order or similar relief.  Should a
9  Discovery Participant seek a protective order or similar relief, the other Discovery
10 Participants shall not produce any of Confidential ML Discovery Material until a
11 decision that orders such production.

12 12.  This Order does not prejudice the rights of the Discovery
13 Participants to agree upon or seek further limits on disclosure or protections for the
14 confidentiality of any ML II Discovery Material (whether or not designated as
15 Confidential) in addition to the limits and protections provided herein.
16 Notwithstanding any provision contained herein, nothing in this Order shall restrict
17 in any way the right of a Discovery Participant to make use of its own documents or
18 discovery material in any way it deems fit.

19 13.  This Order applies only to the ML II Discovery Material, and
20 may be amended by written agreement by the Discovery Participants hereto, and/or
21 by further Court order after notice and opportunity to be heard.  The Court shall
22 retain jurisdiction over the Discovery Participants hereto to the extent necessary to
23 enforce any obligations arising hereunder or to impose sanctions for any contempt
24 thereof.

25 14.  Within 30 days after the final disposition of this action, all
26 Confidential ML II Discovery Material, and all copies, portions, summaries, or
27 abstracts thereof, shall, subject to commercially reasonable efforts, be returned to
28 the Discovery Participant that produced the Confidential information, or, upon

1  permission of the producing Discovery Participant, destroyed, *provided, however,*
2  that counsel for the Discovery Participants may retain a file copy of work product
3  created in connection with the action. Such work product shall continue to be kept
4  confidential pursuant to this Order.

7  IT IS SO ORDERED.

9  Dated: __March 4__, 2013          *Mariana R. Pfaelzer*
10                                    Hon. Mariana R. Pfaelzer

20235266.1                                           - 6 -           XXXXXXXXX PROTECTIVE ORDER RE
                                                                     MAIDEN LANE II DISCOVERY.
                                                                     #11-CV-10549-MRP (MANx)