Brian E. Pastuszenski (*pro hac vice*)
bpastuszenski@goodwinprocter.com
Inez H. Friedman-Boyce (*pro hac vice*)
ifriedmanboyce@goodwinprocter.com
Brian C. Devine (SBN 222240)
bdevine@goodwinprocter.com
**GOODWIN PROCTER LLP**
53 Exchange Place
Boston, Massachusetts 02109
Telephone: 617-570-1000
Facsimile: 617-523-1231

Lloyd Winawer (SBN 157823)
lwinawer@goodwinprocter.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Fl.
Los Angeles, California 90017
Telephone: 213-426-2500
Facsimile: 213-623-1673

*Attorneys for Defendants*
Countrywide Financial Corporation, Countrywide Securities Corporation, Countrywide Capital Markets , Countrywide Home Loans, Inc., CWALT, Inc., CWMBS, Inc., CWHEQ, Inc., and CWABS, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION | Case No. 11-ML-2265-MRP (MANx)<br><br>**ORDER RE AUTHENTICITY OF DOCUMENTS**<br><br>Judge:     Hon. Mariana R. Pfaelzer<br>Courtroom: 12 |

| | | |
|---|---|---|
| 1 | ALLSTATE INSURANCE COMPANY, *et al.*, | |
| 2 | Plaintiffs, | Case No. 11-CV-5236-MRP (MANx) |
| 3 | vs. | |
| 4 | COUNTRYWIDE FINANCIAL CORPORATION, *et al.*, | |
| 5 | | |
| 6 | Defendants. | |
| 7 | AMERICAN INTERNATIONAL GROUP, *et al.*, | |
| 8 | Plaintiffs, | Case No. 11-CV-10549-MRP (MANx)* |
| 9 | vs. | |
| 10 | | |
| 11 | COUNTRYWIDE FINANCIAL CORPORATION, *et al.*, | |
| 12 | Defendants. | |
| 13 | FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK, | Case No. 12-CV-8317-MRP (MANx) |
| 14 | | |
| 15 | Plaintiff, | |
| 16 | vs. | |
| 17 | COUNTRYWIDE SECURITIES CORPORATION, et al., | |
| 18 | Defendants. | |
| 19 | FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR UNITED WESTERN BANK, | Case No. 11-CV-10400-MRP (MANx) |
| 20 | | |
| 21 | Plaintiff, | |
| 22 | vs. | |
| 23 | COUNTRYWIDE FINANCIAL CORPORATION, *et al.*, | |
| 24 | Defendants. | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| IKB INTERNATIONAL S.A. IN LIQUIDATION, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF AMERICA CORPORATION, *et al.*, <br><br> Defendants. | Case No. 12-CV-6151-MRP (MANx) |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTRYWIDE FINANCIAL CORPORATION, *et al.*, <br><br> Defendants. | Case No. 11-CV-10414-MRP (MANx) |
| NATIONAL INTEGRITY LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTRYWIDE FINANCIAL CORPORATION, *et al.*, <br><br> Defendants. | Case No. 11-CV-9889-MRP (MANx) |

The parties in the following seven actions: *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 11-CV-5236-MRP (MANx); *Am. Int'l Grp., et al. v. Countrywide Fin. Corp., et al.*, 11-CV-10549-MRP (MANx); *Fed. Deposit Ins. Corp. as Receiver for Colonial Bank v. Countrywide Securities Corp., et al.*, 12-CV-8317-MRP (MANx); *Fed. Deposit Ins. Corp. as Receiver for United W. Bank v. Countrywide Fin. Corp.*, 11-CV-10400-MRP (MANx); *IKB Int'l S.A. In Liquidation, et al., v. Bank of America Corp., et al.*, 12-CV-6151-MRP (MANx); *Massachusetts Mutual Life Insurance Co. v. Countrywide Financial Corp. et al.*, 11-CV-10414-MRP (MANx); and *Nat'l Integrity Life Ins. Co. v. Countrywide Fin. Corp.*, 11-CV-9889-MRP (MANx) (collectively, the "Parties" and each a "Party"), which have been coordinated for pre-trial purposes in this *Countrywide Mortgage-Backed Securities Multi-District Litigation*, by and through their undersigned counsel, hereby stipulate as follows, subject to the Order of the Court:

WHEREAS, the Parties wish to reduce the burden and expense of litigation in the above-captioned action;

WHEREAS, the Parties wish to avoid deposition discovery solely for the purpose of authenticating documents, and to streamline the presentation of evidence at trial in the interests of judicial economy and efficiency;

WHEREAS, the Parties have produced and will produce certain documents during the course of discovery in the above-captioned actions, including re-productions of documents originally produced in other litigations or proceedings; and

WHEREAS the Parties may seek to offer and admit into evidence documents produced in discovery in the above-captioned actions;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties, through their undersigned counsel, as follows:

1. Subject to the exceptions stated below, and absent affirmative evidence that a document is not what it purports to be, the Parties agree that any document, including any true and correct copy thereof, produced by any Party in connection with

the above-captioned actions – including documents produced in other litigations or proceedings that were or are re-produced by any Party in the above-captioned actions – is what it purports to be and is authentic under Rule 901 of the Federal Rules of Evidence.

2. The Parties' agreement in paragraph 1 of this stipulation does not apply to handwritten notes or marginalia. If a printed or typed document produced by a Party also bears handwritten marginalia, the Parties' agreement does not apply to the handwritten marginalia, but does apply to the remainder of the document. The Parties agree that, at a mutually agreed upon time prior to trial, each Party may identify documents containing handwritten notes or marginalia to any other Party in an action as to which such Party wishes a stipulation of authenticity. The Party(ies) receiving such identification agrees to give good faith consideration to a reasonable request pertaining to handwritten notes and marginalia.

3. The Parties agree that, at a mutually agreed upon time prior to trial, each Party may identify documents produced by third parties in connection with the above-captioned actions to any other Party(ies) in an action as to which such Party wishes a stipulation of authenticity. The Party(ies) receiving such identification agrees to give good faith consideration to a reasonable request pertaining to the authenticity of documents produced by third parties in connection with the above-captioned actions.

4. The Parties' agreements in paragraphs 1 through 3 of this stipulation do not apply to any documents created by counsel and produced in discovery.

5. In the event that a dispute arises regarding the authenticity of a document, the Parties agree to meet and confer in good faith promptly about the authenticity of such document(s) and, if necessary, to expedite any related motions for resolution by the Court.

6. If a document satisfies the authenticity criteria set forth above (or if a document is presumed to be authentic and no objection has been lodged), no Party

1 may contend at any deposition or hearing or trial or in any briefing in the above-
2 captioned action that such document is not authentic.

3     7. Nothing in this stipulation shall be construed as an agreement that any
4 documents that are subject to this stipulation are admissible into evidence by any
5 Party. The Parties agree that, at a mutually agreed upon time prior to trial, each Party
6 may identify documents to any other Party(ies) in an action as to which such Party
7 wishes a stipulation of admissibility. The other Party(ies) in the action agrees to give
8 good faith consideration to a reasonable request pertaining to the admissibility of
9 documents.

10     8. The Parties hereby expressly reserve the right to object to the
11 admissibility of any document under any grounds permitted by law.

12     9. This stipulation is applicable only for the purposes of the above-
13 captioned actions and any appeal of the above-captioned actions, and cannot be used
14 by any Party for any purpose in any other lawsuit or proceeding.

**IT IS SO ORDERED**

Dated: February 10, 2014

_____
The Honorable Mariana R. Pfaelzer
United States District Judge