James R. Asperger (SBN 83188)
jimasperger@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

Michael B. Carlinsky
michaelcarlinsky@quinnemanuel.com
Maria Ginzburg
mariaginzburg@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: 212-849-7000
Fax: 212-849-7100

*Attorneys for AIG Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORP. MORTGAGED-BACKED SECURITIES LITIGATION | Case No. 11-ML-2265-MRP (MANx)<br><br>**REQUEST FOR DISCOVERY CONFERENCE BY PLAINTIFFS AIG, FHFA AND MASSMUTUAL TO COMPEL DEPOSITION APPEARANCES** |
| AMERICAN INTERNATIONAL GROUP, INC. *et al.*<br><br>　　　　Plaintiffs,<br>　　vs.<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br><br>　Defendants. | Case No. 11-CV-10549-MRP (MANx) |

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION, | Case No. 12-CV-01059-MRP (MANx) |
| Plaintiff, | |
| vs. | |
| COUNTRYWIDE FINANCIAL CORPORATION, *et al.*, | |
| Defendants. | |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | Case No. 11-CV-10414-MRP (MANx) |
| Plaintiff, | |
| vs. | |
| COUNTRYWIDE FINANCIAL CORPORATION, *et al.*, | |
| Defendants. | |

1   Plaintiffs American International Group, Inc., et al. ("AIG"), Federal

2   Housing Finance Agency ("FHFA"), and Massachusetts Mutual Life Insurance

3   Company ("MassMutual") hereby request a conference with the Court on either

4   February 12 or February 14, 2014 to seek an order compelling two individual

5   defendants to appear for limited depositions, and for an order granting permission

6   to treat one former Countrywide employee as a third party in the *AIG* action, with a

7   concomitant extension to the deadline for his deposition.

8   ### A.   Stanford Kurland and Joshua Adler

9   AIG, FHFA, and MassMutual seek the Court's assistance, prior to the

10  February 28, 2014 deposition cut-off in the *MassMutual* and *AIG* actions,

11  regarding the Notices of Deposition Plaintiffs served on Stanford Kurland

12  ("Kurland") and Joshua Adler ("Adler").[1]   Kurland and Adler are named

13  defendants in the *MassMutual* action (Kurland only) and in the *FHFA* action (both

14  Kurland and Adler); Adler is also a critical witness in the AIG case, having

15  participated in meetings with AIG while he was employed by Countrywide.[2]

16

17  _____

[1]   FHFA is not a party to this Court's orders in the MDL 4 actions and in the
18  *AIG* action that depositions of Countrywide witnesses by the MDL Plaintiffs must
be completed by February 28, 2014.  *See AIG, Inc., et al v. Countrywide Financial*
19  *Corp., et al.* 2:11-CV-10549-MRP (MANx), Minute Order, Dec. 23, 2013 (Dkt.
428); *In re Countrywide Financial Corp. Mortgage-Backed Securities Litig.,* 2:11-
20  cv-10414-MRP (MANx), Order re Extension of Time to Conduct Fact Discovery
and Serve Certain Expert Reports, Dec. 12, 2013 (Dkt. 316).  Nonetheless, FHFA
21  has coordinated with the MDL Plaintiffs to participate in depositions in light of this
Court's ruling in *AIG* that AIG should participate in the depositions of
22  Countrywide witnesses being conducted by the MDL 4 Plaintiffs, notwithstanding
that the document discovery cut-off in the *AIG* case post-dated the deposition
23  deadline.  *AIG, Inc., et al. v. Countrywide Financial Corp., et al.* 2:11-CV-10549-
MRP (MANx), Order Regarding Discovery, Sept. 11, 2013 at 7 (Dkt. 338).
24

25
[2]   On December 23, 2013, this Court ordered Countrywide to make Adler
26  available for deposition.  *See AIG, Inc., et al v. Countrywide Financial Corp., et al.*
2:11-CV-10549-MRP (MANx), Minute Order, Dec. 23, 2013 (Dkt. 428).
27

28

Plaintiffs served Notices of Deposition on Kurland on December 20, 2013 and February 8, 2014 and a Notice of Deposition on Adler on January 3, 2014, but have received constant resistance from each witness.

Plaintiffs are aware these individuals have testified in prior depositions. After serving the notices, Plaintiffs met and conferred with Kurland and Adler in good faith to negotiate defense counsel's agreement that the prior testimony would be deemed taken in these cases (an agreement that has been obtained) and to negotiate a limited amount of additional deposition time necessary to establish the evidentiary record Plaintiffs need to prosecute their cases. After discussion, all Plaintiffs agreed to limit their combined questioning of Kurland to *three* hours in a single deposition. Plaintiffs also agreed that Kurland's deposition would take place in Westlake Village, Kurland's chosen location. Plaintiffs further agreed to make a good-faith effort to limit their questioning to non-duplicative areas.

Finally, even though Countrywide only started producing custodial, case-specific documents to FHFA on January 17, 2014—in response to document requests FHFA served in July and November of 2013—FHFA also agreed to participate in the three-hour deposition of Kurland prior to the February 28, 2014 discovery cut-off in the *MassMutual* action, subject to a reservation of rights to question Kurland on later-produced documents. In fact, while Countrywide has stated that it intends to produce case-specific witness documents 14 days prior to the applicable depositions (as this Court has required it to do with respect to case-specific documents in the *AIG* action),[3] it has agreed that FHFA may seek to

---

Countrywide subsequently informed AIG that Adler was represented by separate counsel and they were therefore unable to produce him as a witness.

[3] This Court has previously stated that is willing to consider a motion to re-depose witnesses for whom Countrywide produced documents post-deposition, "for the limited purpose of discovery on the newly obtained documents." *AIG, Inc., et al. v. Countrywide Financial Corp., et al.* 2:11-CV-10549-MRP (MANx), Order Regarding Discovery, Sept. 11, 2013 at 7 (Dkt. 338).

reopen depositions in the event that Countrywide's belated production of witness documents prejudices FHFA's questioning.  Still, defendant Kurland continues to resist appearing for deposition, as set forth below.

With regard to Adler, Plaintiffs have agreed to make a good faith effort to limit their questioning to non-duplicative areas.  As with Kurland, FHFA has agreed to take Adler's deposition before the February 28, 2014 cut-off for depositions of Countrywide witnesses in the *AIG* action, subject to a reservation of rights to question Adler on later-produced documents.

Despite these proposals, both Kurland and Adler refused to appear on the dates in the Notices of Depositions and have refused to provide any dates on which they will appear for depositions until additional demands have been met:

Notwithstanding the approaching February 28, 2014 deposition cutoff for MassMutual and AIG, Kurland and Adler have stated that they will not agree to any deposition dates until (i) Countrywide completes its production of documents relating to Kurland and Adler in the *FHFA* action; or (ii) FHFA agrees that it will waive its rights to reopen the depositions if additional relevant documents are produced by Countrywide.  These conditions are unreasonable.  FHFA does not control the timing of Countrywide's document production, and FHFA cannot hold scheduling the Kurland and Adler depositions in abeyance in light of the looming deposition and discovery cut-off and expert deadlines in the *MassMutual* and *AIG* cases.  Accordingly, even Countrywide agrees that FHFA may seek to reopen depositions in the event that Countrywide's belated production prejudices FHFA's questioning.[4]  To the extent that pertinent Kurland- and Adler-related documents are produced by Countrywide in the *FHFA* case after the date of the individuals'

---

[4]   Notably, Countrywide has refused to designate Kurland as a custodian for its document production purposes, thus FHFA will be forced to bring a discovery motion on this issue, along with many other outstanding document disputes FHFA has with Countrywide.

depositions, FHFA should not be required to waive its right to reopen the depositions to obtain testimony regarding such documents. *See Epling v. UCB Films, Inc.*, 98-4226-RDR, 2001 WL 584355 (D. Kan. Apr. 2, 2001) (upholding Magistrate Judge's order to reopen depositions due to relevant documents not being produced prior to deposition).

Kurland also has refused to appear on any deposition date unless Plaintiffs agree to an unreasonably narrow and unworkable scope of questioning, in addition to the agreed-upon three-hour time restriction. As noted, Plaintiffs have already agreed to a three-hour time limitation and have also agreed to make a good-faith effort to limit their questioning to non-duplicative areas. Kurland's further restrictions (which seek to provide a limited set of topics on which Kurland may be deposed during the three hours[5]) are unwarranted and unworkable. For example, Kurland's narrow topics would require that MassMutual not examine Kurland on topics relevant to its sole claim against Kurland for control person liability—such as Kurland's interaction with the Transaction Management Group, his service on Countrywide Securities Corporation's Board of Directors, and the interaction of Kurland's role as COO of Countrywide Financial and his simultaneous roles as CEO, President, and Chairman of the Board of CWABS, CWALT, and CWMBS. Although these subjects were not adequately covered in Kurland's prior depositions, and are relevant to MassMutual's sole claim against Kurland, Kurland's narrow topics improperly seek to preclude questioning in these areas.

Kurland and Adler cannot impose unreasonable conditions on their depositions, and cannot seek to delay the depositions so as to interfere with the deposition deadline in the *MassMutual* and *AIG* actions. It is settled that a

---

[5] Kurland only agrees to be questioned regarding the specific securitizations at issue in *FHFA* and *MassMutual*, and Countrywide's interactions and communications with the GSEs during the time of Kurland's employment at Countrywide.

1  defendant may not unilaterally refuse to appear in response to a properly noticed

2  deposition.  *See Huene v. U.S. Dep't of Treasury, I.R.S.*, No. 11-CV-2110 JAM

3  AC, 2013 WL 417747, at *3 (E.D. Cal. Jan. 31, 2013) ("Generally, unless a party

4  or witness files a motion for a protective order and seeks and obtains a stay prior to

5  the deposition, a party or witness has no basis to refuse to attend a properly noticed

6  deposition." (citing *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th

7  Cir. 1964)).

8       Plaintiffs seek an order compelling Kurland to appear for his deposition on

9  February 28, 2014, the date in the most recent Notice served on Kurland's counsel.

10  Plaintiffs request that the Court also order Adler to appear for deposition on or

11  prior to February 28, 2014.  Plaintiffs respectfully request a discovery conference

12  with the Court at a convenient time on February 12 or February 14, 2014, or on

13  another date convenient for the Court, to obtain the Court's assistance in ensuring

14  that these depositions occur before the February 28, 2014 deposition cutoff in the

15  *MassMutual* and *AIG* actions.

16       **B.    Brett Fitzgerald**

17       Brett Fitzgerald is a former Countrywide employee, never deposed, whom

18  Countrywide agreed during the parties' meet and confer process to make available

19  for deposition.  During the parties' initial meet and confer concerning depositions,

20  on December 5, 2013, counsel for Countrywide indicated that Plaintiffs should

21  assume they represented all current and former Countrywide employees unless

22  they specifically indicated otherwise.  Relying on that representation, Plaintiffs

23  served a notice of deposition and subpoena for Brett Fitzgerald on counsel for

24  Countrywide on December 24, 2013.  Not having received any confirmation that

25  Countrywide's counsel would accept service of that subpoena on Mr. Fitzgerald's

26  behalf, Plaintiffs re-issued Mr. Fitzgerald's subpoena and began efforts to serve

27  him personally on January 8, 2014.  Since that time, Plaintiffs have tried repeatedly

28  to locate and serve Mr. Fitzgerald, including re-issuing his subpoena yet once more

1   to reflect updated address information that Plaintiffs were able to obtain, but have

2   not been successful at locating and serving him.  Plaintiffs have also, since that

3   time, repeatedly requested that counsel for Countrywide provide them with the

4   latest contact information they have available for Mr. Fitzgerald, in order to ensure

5   that Plaintiffs' service efforts are directed correctly.  Countrywide has not

6   responded to that request, has never (since the parties' initial meet and confer)

7   suggested it represents Mr. Fitzgerald, and has never offered a date for his

8   deposition.

9        Thus, because Mr. Fitzgerald is not represented by Countrywide, and

10  because Countrywide has not complied with its agreement to make Mr. Fitzgerald

11  available for deposition, AIG respectfully requests permission to treat Mr.

12  Fitzgerald as a third party in the AIG action, thereby extending the deadline for

13  Mr. Fitzgerald's deposition to May 15, 2014 and giving AIG additional time to

14  locate and serve Mr. Fitzgerald.  AIG also respectfully requests that the Court

15  order Countrywide to provide AIG with the latest and best contact information it

16  has available for Mr. Fitzgerald, in order to facilitate these efforts.

17

18

19

20

21

22

23

24

25

26

27

28

1

2   DATED:  February 11, 2014

3

4   /s/ James R. Asperger                          /s/ Harry. A. Olivar, Jr.

5   James R. Asperger                              Harry A. Olivar, Jr. (Bar No. 143089)
    jimasperger@quinnemanuel.com                   harryolivar@quinnemanuel.com
6   QUINN EMANUEL URQUHART &                       Molly Stephens (Bar No. 232211)
    SULLIVAN, LLP                                  mollystephens@quinnemanuel.com
7   865 South Figueroa Street, 10th Floor          QUINN EMANUEL URQUHART &
    Los Angeles, CA 90017                          SULLIVAN, LLP
8   Tel.:  (213) 443-3000                          865 South Figueroa Street, 10th Floor
    Fax:  (213) 443-3100                           Los Angeles, CA 90017
9                                                  Tel.:  (213) 443-3000
    Michael B. Carlinsky                           Fax:  (213) 443-3100
10  michaelcarlinsky@quinnemanuel.com
    Maria Ginzburg                                 Philippe Z. Selendy (admitted pro hac)
11  mariaginzburg@quinnemanuel.com                 philippeselendy@quinnemanuel.com
    QUINN EMANUEL URQUHART &                       Jennifer J. Barrett (admitted pro hac)
12  SULLIVAN, LLP                                  jenniferbarrett@quinnemanuel.com
    51 Madison Avenue, 22nd Floor                  QUINN EMANUEL URQUHART &
13  New York, NY 10010                             SULLIVAN, LLP
    Tel.:  (212) 849-7000                          51 Madison Avenue, 22nd Floor
14  Fax:  (212) 849-7100                           New York, NY 10010
                                                   Tel.:  (212) 849-7000
15  *Attorneys for AIG Plaintiffs*                 Fax:  (212) 849-7100

16                                                 *Attorneys for Plaintiff Massachusetts*
                                                   *Mutual Life Insurance Company*
17  /s/ Christine H. Chung

18  Christine H. Chung
    christinechung@quinnemanuel.com
19  Adam M. Abensohn
    adamabensohn@quinnemanuel.com
20  QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
21  51 Madison Avenue, 22nd Floor
    New York, New York 10010
22  Tel.:  (212) 849-7000
    Fax:  (212) 849-7100

23  *Attorneys for Plaintiff Federal Housing*
    *Finance Agency, as Conservator for*
24  *Fannie Mae and Freddie Mac*

25

26

27

28