Marc T.G. Dworsky (SBN 157413)
marc.dworsky@mto.com
Michael E. Soloff (SBN 116550)
mike.soloff@mto.com
Richard C. St. John (SBN 202560)
richard.stjohn@mto.com
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Tel: 213-683-9100
Fax: 213-687-3702

David H. Fry (SBN 189276)
david.fry@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105
Tel: 415-512-4000
Fax: 415-644-6982

*Attorneys for Defendants*
Bank of America Corporation, Banc of
America Securities LLC, Merrill Lynch
& Co., Inc., and Merrill Lynch, Pierce,
Fenner & Smith Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE COUNTRYWIDE FINANCIAL CORP. MORTGAGE- BACKED SECURITIES LITIGATION | Case No. 11-ML-02265-MRP (MANx) |
| AMERICAN INTERNATIONAL GROUP, INC. *et al.*,<br><br>      Plaintiffs,<br><br>      vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al*.,<br><br>      Defendants. | Case No. 11-CV-10549-MRP (MANx)<br><br>**THE UNDERWRITER DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT PURSUANT TO RULE 54(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date:  April 15, 2014<br>Time:  1:30 p.m.<br>Courtroom:  12<br>Judge:  Honorable Mariana R. Pfaelzer |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................. 1

II.  BACKGROUND .................................................................................. 2

    A.   AIG's Original Claims ................................................................ 2

    B.   The Court's Motion To Dismiss Rulings .................................... 2

        1.   The May 23, 2012 Dismissal Order .................................. 3

        2.   The May 6, 2013 Dismissal Order .................................... 3

        3.   The September 30, 2013 Dismissal Order ......................... 4

        4.   The January 17, 2014 Order Denying Reconsideration .............. 4

III. ARGUMENT ...................................................................................... 4

    A.   The Applicable Legal Standard ................................................. 4

    B.   It Would Not Serve The Sound Administration Of Justice To Enter At This Time A Partial Final Judgment In Favor Of The Underwriter Defendants ........................................................... 5

IV.  CONCLUSION ................................................................................. 13

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Allstate Ins. Co. v. Countrywide Fin. Corp. et al.*,
    Case No. 2:11-cv-05236-MRP-MAN, Dkt. No. 214
    (C.D. Cal. Nov. 30, 2011) ........................................................................... 10, 11

*Curtiss-Wright Corp. v. General Elec. Co.*,
    446 U.S. 1 (1980) ................................................................................................ 5

*Digital Envoy, Inc. v. Google, Inc.*,
    2006 WL 824412 (N.D. Cal. Mar. 28, 2006) ..................................................... 10

*FINOVA Capital Corp. v. Richard A. Arledge, Inc.*,
    2005 WL 2704513 (D. Ariz. Oct. 20, 2005) .................................................... 7, 8

*Gerardi v. Pelullo*,
    16 F.3d 1363 (3d Cir. 1994) ............................................................................... 6

*Hildes v. Andersen*,
    2010 WL 4658742 (S.D. Cal. Nov. 8, 2010) ..................................................... 13

*In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*,
    834 F. Supp. 2d 949 (C.D. Cal. 2012) ("AIG I") ....................................... 3, 8, 10

*In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*,
    943 F. Supp. 2d 1035 (C.D. Cal. 2013) ("AIG II") ................................... passim

*In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*,
    2013 WL 5614294 (C.D. Cal. Sept. 30, 2013) ("AIG III") ...................... 4, 9, 11

*In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*,
    2013 WL 6706090 (C.D. Cal. Dec. 19, 2013) .................................................... 12

*In re Schugg*,
    2007 WL 2225789 (D. Ariz. Aug. 1, 2007) ...................................................... 13

*Maine State Retirement System v. Countrywide Fin. Corp. et al.*,
    Case No. 2:10-cv-00302-MRP-MAN, Dkt. No. 286
    (C.D. Cal. June 15, 2011) ................................................................................. 11

-ii-

# TABLE OF AUTHORITIES
## (Cont'd)

**Page**

*Minority Police Officers Assoc. v. South Bend*,
   721 F.2d 197 (7th Cir. 1983) ....................................................... 8

*Morrison-Knudsen Co., Inc. v. Archer*,
   655 F.2d 962 (9th Cir. 1981) ....................................................... 6

*Putnam Bank v. Countrywide Fin. Corp. et al.*,
   Case No. 2:11-cv-04698-MRP-MAN, Dkt. No. 228
   (C.D. Cal. May 23, 2012) ........................................................... 11

*RD Legal Funding, LLC v. Erwin & Balingit, LLP*,
   2010 WL 1416968 (S.D. Cal. April 8, 2010) ............................... 8

*Richardson v. City of N.Y.*,
   2007 WL 1732424 (S.D.N.Y. June 14, 2007) .............................. 7

*The Western & Southern Life Ins. Co. v. Countrywide Fin. Corp. et al.*,
   Case No. 2:11-cv-07166-MRP-MAN, Dkt. No.269
   (C.D. Cal. Nov. 21, 2012) ......................................................... 11

*Vazquez v. Ferre*,
   410 F. Supp. 1385 (D.N.J. 1976) ............................................... 13

*Wood v. GCC Bend LLC*,
   422 F.3d 873 (9th Cir. 2005) ............................................... passim

### FEDERAL STATUTES

28 U.S.C. § 1292(b) .............................................................. 6, 12

### FEDERAL RULES

Rule 54(b) of the Federal Rules of Civil Procedure ................... passim

Former defendants Merrill Lynch & Co. and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), and former defendant Banc of America Securities LLC ("BAS") (Merrill Lynch and BAS, collectively, "the Underwriter Defendants") respectfully submit this Memorandum in opposition to AIG's motion for entry of a partial final judgment in favor of the Underwriter Defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## I.     INTRODUCTION

As the Supreme Court, the Ninth Circuit, and this Court have all previously made clear, entry of a partial final judgment pursuant to Rule 54(b) must be the exception and not the rule.  This necessarily is so in order to maintain the historic federal policy against piecemeal appeals, and to promote the sound and efficient administration of justice.  Accordingly, AIG bears the heavy burden of demonstrating that this is an "unusual case" warranting a departure from the one final judgment rule.  But AIG has not come close to meeting this burden.

The sole rationale offered by AIG for entry at this time of a partial final judgment in favor of the Underwriter Defendants is that it might avoid duplicative pretrial and/or trial proceedings in the event of a reversal (although it is far from certain to do so).  But Courts routinely reject this rationale as insufficient, because the risk of such duplicative proceedings following reversal is present in *every* case in the absence of immediate appeals.  And, in any event, any such supposed benefit of entering a partial final judgment is far outweighed in this case by (1) the risks to the Ninth Circuit of unnecessarily having to review issues that subsequently are mooted by the ongoing proceedings regarding AIG's claims against the Countrywide Defendants, and/or of having to review common legal and factual issues multiple times on successive appeals, and (2) the risks to the sound administration of this MDL proceeding posed by a premature and uncoordinated appeal of issues that cut across the MDL cases.

## II.   BACKGROUND

### A.   AIG's Original Claims

In the portion of AIG's original action that was transferred to this Court by order of the JPML, AIG asserted federal securities law claims and New York common law claims against the Underwriter Defendants in connection with seven Countrywide securitizations they underwrote.  AIG based these claims on the allegation that each of the Prospectus Supplements for these seven securitizations contained various material misrepresentations upon which AIG reasonably relied to its detriment when purchasing certain certificates.  Based on identical allegations, AIG also originally asserted identical federal and/or New York common law claims against various of the Countrywide Defendants in their capacities as Sponsor, Depositor, Seller and/or Originator in connection with these same seven securitizations.[1]  *See, e.g.*, AIG Amended Complaint (Dkt. No. 169) ¶¶ 552-609 & nn. 10-12; *id.*, Exs. 82 & 110 (Dkt. No. 171); *id.*, Exs. 123, 141, 138 & 171 (Dkt. No. 172); *id.*, Ex. 182 (Dkt. No. 173).

AIG also asserted similar claims based on similar allegations against both the Countrywide Defendants (including in their capacity as underwriter) with respect to well over one hundred additional Countrywide Securitizations.  *See, e.g.*, AIG Amended Complaint (Dkt. No. 169) ¶¶ 552-609 & nn. 10-12; *id.*, Exs. 1-346 (Dkt. Nos. 171-175).

### B.   The Court's Motion To Dismiss Rulings

The Court has considered and resolved four rounds of motions that have culminated in the dismissal with prejudice of the Underwriter Defendants from this action.

---

[1] The Countrywide Defendants here are Countrywide Financial Corporation, Countrywide Capital Markets LLC, Countrywide Home Loans, Inc., Countrywide Securities Corporation, CWABS, Inc., CWALT, Inc., CWHEQ, Inc., and CWMBS, Inc.

### 1.      The May 23, 2012 Dismissal Order

The Court originally invited and considered motions to dismiss based on the applicable statutes of limitations.  In its May 23, 2012 Order resolving those motions, the Court dismissed with prejudice all of AIG's federal securities laws claims against all defendants – including the Underwriter Defendants.  *See In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 834 F. Supp. 2d 949, 951, 953 (C.D. Cal. 2012) ("*AIG I*").  The Court also dismissed with prejudice certain state law claims brought by certain AIG companies, including the negligent misrepresentation claims against the Underwriter Defendants and other defendants brought by The Variable Annuity Life Insurance Company and Western National Life Insurance Company.  *See id*. at 951 (identifying claims dismissed); Third Amended Complaint, Ex. A (Dkt. No. 350) at entries for CWALT 2006-26CB, CWHL 2005-7 & CWL 2005-13 (identifying particular AIG company bringing suit on those certificates).

### 2.      The May 6, 2013 Dismissal Order

The Court next considered motions to dismiss on grounds other than the statute of limitations, which it granted in part.  The Court dismissed with prejudice the negligent misrepresentation claims brought against all defendants – including the Underwriter Defendants – for failure to plead the requisite special relationship.  *See In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 943 F. Supp. 2d 1035, 1059-60 (C.D. Cal. 2013) ("*AIG II*").  The Court also dismissed with prejudice claims against all defendants – including the Underwriter Defendants – based on alleged misrepresentations regarding owner-occupancy in those cases where the prospectus supplement included a statement regarding the source of that information.  *See id*. at 1056.  Furthermore, the Court dismissed without prejudice claims against all Defendants – including the Underwriter Defendants – based on alleged oral misrepresentations for failure to satisfy Rule 9(b).  *See id*. at 1056-57.

Finally, the Court dismissed without prejudice all remaining claims against the Underwriter Defendants because AIG failed to plausibly plead scienter against them. *See id.* at 1057-58.

### 3. The September 30, 2013 Dismissal Order

After AIG filed an amended Complaint in response to the Courts May 6, 2013 dismissal order, all defendants again moved to dismiss the claims based on oral misrepresentations due to a failure to satisfy Rule 9(b), and the Underwriter Defendants again moved to dismiss all remaining claims against them due to a failure to plausibly plead they had the requisite scienter. The Court granted both of these motions to dismiss with prejudice. *See In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 2013 WL 5614294 (C.D. Cal. Sept. 30, 2013) ("*AIG III*").

### 4. The January 17, 2014 Order Denying Reconsideration

AIG subsequently filed a motion for reconsideration of the Court's September 30, 2013 Order dismissing all remaining claims against the Underwriter Defendants for lack of scienter. In addition to rearguing its prior opposition, AIG asserted that a recently produced due diligence report for one securitization that was prepared for BAS – and shared with Countrywide – created a plausible inference of scienter. The Court rejected this assertion, and denied reconsideration. *See* Order, Dkt. No. 430 ("*AIG IV*").

## III. <u>ARGUMENT</u>

### A. <u>The Applicable Legal Standard</u>

Under Rule 54(b), "[a] district court must first determine that it has rendered a 'final judgment,' that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (citations and internal quotation marks omitted). If so:

Then it must determine whether there is any just reason for delay. It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised in the interest of sound judicial administration . . . to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals.

*Id.* (citations and internal quotation marks omitted).  Factors bearing on the sound administration of justice include "whether certification would result in unnecessary appellate review; whether the claims finally adjudicated were separate, distinct, and independent of any other claims; whether review of the adjudicated claims would be mooted by any future developments in the case; [and] whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals."  *Id.* at 878 n.2.

Both the Supreme Court and the Ninth Circuit have held that district courts must not routinely enter partial final judgments under Rule 54(b). *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980) ("[S]ound judicial administration does not require that Rule 54(b) requests be granted routinely."); *Wood*, 422 F.3d at 879 ("[G]ranting a request for . . . certification in ordinary situations . . . is not routine. We believe it should not become so.").  Consequently, the party requesting a Rule 54(b) judgment bears the burden of demonstrating that this is "the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."  *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

**B.    It Would Not Serve The Sound Administration Of Justice To Enter At This Time A Partial Final Judgment In Favor Of The Underwriter Defendants**

To support the instant motion, AIG principally relies on case law indicating that it may be proper in the MDL context for a transferee district court (such as this Court in this case) to use partial final judgments pursuant to Rule 54(b) – as well as certifications of interlocutory rulings pursuant to 28 U.S.C. § 1292(b) –

-5-

in order to permit review of its dispositive and controlling rulings by the transferee Court of Appeals.  *See* Motion Mem. at 6:21-7:25.  As AIG readily concedes, however, even if it otherwise might be applicable here, "this case law does not by itself instruct whether this Court should enter a partial final judgment now rather than at the end of this Court's pre-trial adjudication of the still-pending claims." Motion Mem. at 7:26-8:1.  And, for the following reasons, it is clear than any partial final judgment should be entered, if at all, only *after* completion of the ongoing proceedings before this Court on the remaining claims.

*First*, entry of a partial final judgment at this time would not serve the sound administration of justice because further proceedings before the Court with respect to AIG's claims against the Countrywide Defendants could moot the need for the Ninth Circuit ever to decide the issues that led to the dismissal with prejudice of the Underwriter Defendants.  *See Wood*, 422 F.3d at 882 (reversing Rule 54(b) certification in part because "the issue could be mooted" by further proceedings, and therefore "absent certification, [the Court of Appeal] may never have to decide"); *Gerardi v. Pelullo*, 16 F.3d 1363, 1372 (3d Cir. 1994) (reversing Rule 54(b) certification where "outcome [of remaining claims] might moot the need to review substantive issues . . . raise[d] on this appeal").  As set forth in Section II.A above, AIG is continuing to proceed against the Countrywide Defendants for fraud in connection with the seven securitizations underwritten by the Underwriter Defendants, and is doing so based on the identical allegations of reasonable and detrimental reliance on purported material misrepresentations in the Prospectus Supplements upon which AIG had based its claims against the Underwriter Defendants.  If the Countrywide Defendants should obtain summary judgment in connection with these seven securitizations based upon the absence of a material misrepresentation, the absence of actual reliance, the absence of reasonable reliance, the absence of proximate causation of damages and/or the absence of Countrywide

-6-

scienter, it would become unnecessary for the Ninth Circuit ever to resolve the issues on which the dismissal with prejudice of AIG's claims against the Underwriter Defendants currently rest. Consequently, it would not advance the efficient administration of justice to enter a partial final judgment in favor of the Underwriter Defendants prior to completion of those summary judgment proceedings. *See FINOVA Capital Corp. v. Richard A. Arledge, Inc.*, 2005 WL 2704513, at *4 (D. Ariz. Oct. 20, 2005) (denying motion for Rule 54(b) judgment on summary judgment in favor of one defendant alleged to have acted in concert with the remaining defendant in part because "the outcome of the [remaining] action may affect appellate review of the claims [being appealed]"); *see also Richardson v. City of N.Y.*, 2007 WL 1732424, at *2 (S.D.N.Y. June 14, 2007) (denying motion for Rule 54(b) judgment on order granting summary judgment on vicarious liability of first defendant for alleged wrongdoing of remaining defendant because, if remaining defendant prevails in further proceedings "claim against the [first defendant], which Plaintiff seeks to revive on appeal, will become moot.").

       *Second*, entry of a partial final judgment at this time would not serve the sound administration of justice because – notwithstanding AIG's contrary assertion, *see* Motion Mem. at 6:13-14 – it *would* create the risk that "the Ninth Circuit will have to decide the same issue[s] twice." *Id.* As set forth in Sections II.B.1-2 above, AIG's federal securities law claims, as well as AIG's negligent misrepresentation and oral misrepresentation claims, all were dismissed with prejudice on the same legal grounds as to both the Underwriter Defendants *and* the Countrywide Defendants. *See AIG II*, 943 F.Supp.2d at 1059-60; *AIG I*, 834 F. Supp. 2d at 951, 953. It would not promote judicial economy to force these common legal issues into the Ninth Circuit at this time in an appeal involving only the Underwriter Defendants, rather than waiting for completion of the ongoing proceedings against the Countrywide Defendants in this case so as to preserve the

-7-

potential for the Ninth Circuit to address these issues only one time in a single appeal.  *See RD Legal Funding, LLC v. Erwin & Balingit, LLP*, 2010 WL 1416968, at *1 (S.D. Cal. April 8, 2010) (denying motion for Rule 54(b) judgment on summary adjudication in favor of two defendants in part because "the breach of contract claims asserted against them are essentially the same as the claims asserted against [the remaining defendant]. Accordingly, any appeals in this action could easily present similar factual and legal issues, and likely would result in a duplication of effort."); *FINOVA Capital Corp.*, 2005 WL 2704513, at *4 (denying motion for Rule 54(b) judgment on summary judgment in favor of one defendant alleged to have acted in concert with the remaining defendant in part because "[a]ll of these claims involve many of the same facts and arguments.").

*Third*, entry of a partial final judgment at this time would not serve the sound administration of justice because it would require the Ninth Circuit to familiarize itself with heavily overlapping facts in successive appeals.  *See Wood*, 422 F.3d at 882-83 (explaining that Ninth Circuit "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason," and reversing Rule 54(b) certification in part because "the facts on all claims and issues entirely overlap, and successive appeals are essentially inevitable"); *Minority Police Officers Assoc. v. South Bend*, 721 F.2d 197, 200-01 (7th Cir. 1983) (explaining that "while each appeal in a series of multiple appeals in the same case should be simpler to decide than would be an appeal from a final judgment disposing of the entire lawsuit, the greater simplicity will usually be outweighed by the burden on this court of having to reacquaint itself again and again with at least the basic facts of the case").  In particular, as set forth in Section II.A above, the allegations of material misrepresentation, actual and reasonable reliance, and proximate causation of damages that AIG asserted against both the Underwriter Defendants and the Countrywide defendants are *identical* with respect to the seven

-8-

1   securitizations underwritten by the Underwriter Defendants, and are highly similar

2   to AIG's allegations against the Countrywide Defendants with respect to well over

3   one hundred additional securitizations.  Not only would the Ninth Circuit generally

4   have to familiarize itself with these common factual allegations in connection with

5   any appeal of the dismissal with prejudice of the Underwriter Defendants, but – in

6   order to review the Court's determinations that AIG failed to plausibly allege

7   scienter, and that AIG failed to adequately allege a special relationship supporting

8   its claim of negligent misrepresentation – the Ninth Circuit would have to study in

9   detail the allegations regarding Countrywide Home Loan's supposed systematic

10  abandonment of underwriting guidelines, the nature of due diligence reporting by

11  third-party vendors, the representations in the Prospectus Supplements, and the role

12  of underwriters,[2] *See AIG II*, 943 F. Supp. 2d at 1059-60; AIG *III*, 2013 WL

13  5614294 at *4-*8; *AIG IV*, Dkt. No. 430.  It would not promote judicial economy to

14  force these common factual allegations into the Ninth Circuit at this time in an

15  appeal involving only the Underwriter Defendants, rather than waiting for

16  completion of the ongoing proceedings against the Countrywide Defendants in this

17  case so as to preserve the potential for the Court of Appeals only to have to

18  familiarize itself with these factual allegations one time in a single appeal.  *See, e.g.*,

19  *Allstate Ins. Co. v. Countrywide Fin. Corp. et al.*, Case No. 2:11-cv-05236-MRP-

20  MAN, Dkt. No. 214 (C.D. Cal. Nov. 30, 2011) (denying request for Rule 54(b)

21  judgment where "the [remaining] state and [dismissed] federal causes of action arise

22  out of the same transactions and involve nearly identical legal theories," and

23  therefore "[t]o allow the piecemeal appeal of the federal claims . . . would be

24  counterproductive, duplicative, and contrary to Ninth Circuit precedent"); *Digital*

25  _____

26  [2] Contrary to its erroneous assertion, *see* Motion Mem. at 6:8-12, AIG is pursuing
    claims against certain of the Countrywide Defendants as *underwriters* of numerous

27  securitizations.  *See, e.g.*, Third Amended Complaint, Exs. 16-17, 19, 21-22, 24-26,
    31, 33-42, 45-54, 56, 58-59, 61, 63-68, 70 (Dkt. Nos. 350-51).

28

*Envoy, Inc. v. Google, Inc.*, 2006 WL 824412, at *5 (N.D. Cal. Mar. 28, 2006) (denying Rule 54(b) request because, "[e]ven assuming that there is less overlap here [than in *Wood*], . . . [t]o a significant degree the Ninth Circuit would still be required to review the same set of facts twice").

       *Fourth*, entry of a partial final judgment at this time would not serve the sound administration of justice because some of the same issues decided in favor of the Underwriter Defendants – and most of the factual allegations – are presented in other currently unresolved cases in this MDL proceeding.  In particular, the Court's original grounds for dismissing with prejudice the federal securities law and negligent misrepresentation claims against the Underwriter Defendants echo the decisions of this Court in other cases joined in this MDL proceeding.  *See AIG II*, 943 F.Supp.2d at 1059-60; *AIG I*, 834 F. Supp. 2d at 953.  Moreover, the basic factual allegations underlying AIG's claims against the Underwriter Defendants are common to virtually all cases in the MDL proceeding.  These common factual allegations include that Countrywide Home Loans supposedly systematically abandoned its underwriting guidelines and that, as a result, various statements commonly found in the Prospectus Supplements supposedly constitute material misrepresentations – allegations which were examined at length by the Court in connection with its determination that AIG failed to plausibly plead scienter.  *See AIG III*, 2013 WL 5614294 at *4-*8; *AIG IV*, Dkt. No. 430.

       It would not promote judicial economy to force these common legal issues and factual allegations into the Ninth Circuit at this time in an appeal involving only the Underwriter Defendants in this single case, rather than waiting for completion of the ongoing proceedings against the Countrywide Defendants in this case (as well as completion of the other MDL cases) so as to preserve the potential for the Court of Appeals to address these issues only one time in a single consolidated appeal from these MDL proceedings.  Indeed, the Court routinely has

-10-

rejected the requests made by other plaintiffs in other cases in this MDL proceeding for any and all types of certifications intended to permit immediate appeals from the Court's orders dismissing some (or even all) of the claims in a particular case.[3]  As the Court recently explained in one such instance (where only some of the claims in the particular case were dismissed):  "Interlocutory appeal would therefore not only fail to materially advance the litigation in [the individual case], but would interfere with the efficient coordination of cases in the *Countrywide M[B]S MDL*."  *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 2013 WL 6706090, at *11 (C.D. Cal. Dec. 19, 2013) (denying 28 U.S.C. § 1292(b) certification).

*Fifth*.  AIG has failed to offer any meaningful countervailing considerations that could possibly justify entry at this time of a partial final judgment in favor of the Underwriter Defendants.  In particular, AIG asserts that entry of a partial final judgment in favor of the Underwriter Defendants, followed by an immediate appeal, will avoid the risk of repeating the summary judgment process

---

[3] *See, e.g.*, *The Western & Southern Life Ins. Co. v. Countrywide Fin. Corp. et al.*, Case No. 2:11-cv-07166-MRP-MAN, Dkt. No.269 (C.D. Cal. Nov. 21, 2012) (denying request for Rule 58 judgment with respect to case in which all claims dismissed with prejudice against all defendants because "[t]he Court also is not persuaded it should enter a separate judgment in this matter"); *Putnam Bank v. Countrywide Fin. Corp. et al.*, Case No. 2:11-cv-04698-MRP-MAN, Dkt. No. 228 (C.D. Cal. May 23, 2012) (denying request for Rule 54(b) judgment with respect to case in which all claims dismissed with prejudice against all defendants); *Allstate Ins. Co. v. Countrywide Fin. Corp. et al.*, Case No. 2:11-cv-05236-MRP-MAN, Dkt. No. 214 (C.D. Cal. Nov. 30, 2011) (denying request for Rule 54(b) judgment where "the [remaining] state and [dismissed] federal causes of action arise out of the same transactions and involve nearly identical legal theories," and therefore "[t]o allow the piecemeal appeal of the federal claims . . . would be counterproductive, duplicative, and contrary to Ninth Circuit precedent") (citing *Wood*); *Maine State Retirement System v. Countrywide Fin. Corp. et al.*, Case No. 2:10-cv-00302-MRP-MAN, Dkt. No. 286 (C.D. Cal. June 15, 2011) (denying request for Rule 54(b) judgment with respect to both fully dismissed defendants, and dismissed claims against remaining defendants).

in this case – and will mitigate the risk of either delay or two trials between AIG and Merrill Lynch in the Southern District of New York[4] – should the Ninth Circuit reverse.  *See* Motion Mem. at 8:3-9:5.  But, as an initial matter, AIG does not even offer any support for its assertion that these supposed benefits are achievable. Indeed, given that the Court just ordered an early summary judgment motion schedule that culminates in an August 5, 2014 hearing, it is patent that the risk of two summary judgment processes cannot be avoided in any event by means of entry at this time of a partial final judgment. *See* Order, Dkt. No. 498 (filed Mar. 25, 2014).

More fundamentally, courts routinely reject the argument that entry of a partial final judgment pursuant to Rule 54(b) is proper simply because it will avoid the risk of duplicative pre-trial and/or trial proceedings in the event of a subsequent reversal.  As one district court has explained, "this situation is almost always present where, as here, some claims are adjudicated before others. This is not the 'unusual case' contemplated by Rule 54(b)." *Hildes v. Andersen*, 2010 WL 4658742, at *2 (S.D. Cal. Nov. 8, 2010) (rejecting certification under Rule 54(b)).  *Accord In re Schugg*, 2007 WL 2225789, at *1 (D. Ariz. Aug. 1, 2007) (holding that "risk [of a second trial] does not outweigh the interest in the timely resolution of the remaining claims and the avoidance of piecemeal appeals"); *Vazquez v. Ferre*, 410 F. Supp. 1385, 1386 (D.N.J. 1976) ("Plaintiffs argue that an immediate appeal is necessary to

---

[4] In a footnote, AIG reiterates its erroneous view that the Southern District of New York has the power to remand the portion of AIG's case that is before this Court. *See* Motion Mem. at 8 n.5.  Rather, this Court must decide any such jurisdictional issues with respect to the claims before it.  *See AIG II*, 943 F. Supp. 2d at 1044 ("When the Judicial Panel transferred these claims to this Court, it explicitly mentioned that the Second Circuit's 'ruling on that appeal can be carried out by the transferee court.' Corrected Copy Transfer Order at 2 n. 2.  This statement is dispositive: this Court, not the Southern District of New York, must resolve any remaining jurisdictional issues raised by the Second Circuit's decision.").

-12-

avoid a piecemeal trial of the case. It is always true, however, that a second trial may be required if a district court is ultimately reversed on issues which were decided before trial on summary judgment.").

In short, it is clear that there is no basis at this time for entering a partial final judgment in favor of the Underwriter Defendants.  Doing so while the Court continues to adjudicate AIG's claims against the Countrywide Defendants is plainly inconsistent with the sound administration of justice, and would serve no meaningful countervailing purpose.

## IV.    CONCLUSION

For all of the foregoing reasons, the Underwriter Defendants respectfully request that the Court deny AIG's motion for entry of a partial final judgment at this time pursuant to Rule 54(b).

DATED:  March 25, 2014

MUNGER, TOLLES & OLSON LLP
MARC T.G. DWORSKY
DAVID H. FRY
MICHAEL E. SOLOFF
RICHARD C. ST. JOHN


By:    _____ */s/ Michael E. Soloff*_____

*Attorneys for Defendants*
Bank of America Corporation, Banc of America Securities LLC, Merrill Lynch & Co., Inc., and Merrill Lynch, Pierce, Fenner & Smith Inc.