James R. Asperger (SBN 83188)
jimasperger@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: 213-443-3000
Fax: 213-443-3100

Michael B. Carlinsky
michaelcarlinsky@quinnemanuel.com
Maria Ginzburg
mariaginzburg@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: 212-849-7000
Fax: 212-849-7100

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION<br><br>AMERICAN INTERNATIONAL GROUP, INC., *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>   Defendants. | Case No. 11-ML-02265-MRP (MANx)<br><br>Case No. 11-CV-10549-MRP (MANx)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS'** *EX PARTE* **APPLICATION FOR LEAVE TO FILE OVER-LENGTH BRIEF**<br><br>Date: None Set<br>Time: None Set<br>Judge: Hon. Mariana R. Pfaelzer<br>Courtroom:   12 |

On March 25, 2014, over AIG's objections, the Court adopted a schedule proposed by defendants for briefing summary judgment motions that gives AIG just three weeks to oppose a motion that defendants have had far longer to plan and prepare. At the time they proposed this briefing schedule, defendants gave no indication that the brief they would file would be any longer than the 25-page limit permitted by the Local Rules. *See* C.D. Cal. Local Rule 11-6 ("No memorandum of points and authorities, . . . shall exceed 25 pages in length, excluding indices and exhibits, . . . ."). Now – more than two months after the schedule was set and only three business days before their filing deadline – defendants request permission to file an over-length summary judgment brief of ***100 pages***, four times the standard limit, while refusing to consent to AIG receiving a reasonable amount of additional time to respond.

As Defendants' application acknowledges, this is an exceedingly large and complex case. Defendants seek summary judgment on billions of dollars of fraud claims focused on misrepresentations and omissions with respect to 150 securities purchased over three years, on multiple grounds, implicating a wide variety of factual and legal issues, including justifiable reliance, actual reliance, equitable subrogation, the statute of limitations, and falsity as to third-party offerings. The current schedule requires defendants to file their brief on June 16, 2014 and allows AIG just 21 days – and only 14 business days – to prepare its opposition for filing on July 7, 2014 (the Monday after the July 4 holiday). Knowing the schedule, AIG has been diligently working over the past several weeks to prepare its opposition based on what it anticipates defendants will argue, but there is obviously a limit to what AIG can do before receiving defendants' brief and the lion's share of the work will inevitably have to be done after defendants' brief is filed. Even assuming a brief of 25 pages, given the number and complexity of the issues involved, to say nothing of the enormous stakes, AIG faces a significant challenge in being required to prepare its opposition in the compressed time frame the current schedule affords.

Yet with no time to spare in the existing schedule, defendants seek to *quadruple* their page limit, concomitantly multiplying both the number and the complexity of the arguments that brief can set out. Responding to a brief four times the standard length would require AIG to perform substantial additional work that would necessitate extra time to perform.

*First*, synthesizing the existing discovery record in this case to adequately address 100 pages of purported facts and legal arguments will be an enormous and time consuming endeavor. Eighty depositions have been taken and the paper discovery record includes nearly 45 million pages of documents and over 300 additional deposition transcripts. Moreover, this discovery has occurred at a lightning pace; all eighty depositions were taken in the past five months, and defendants have continuously supplemented their document productions, with the most recent one arriving on June 5, 2014 – less than a week ago. Mining a record of this size and breadth to address additional arguments raised by an over-length brief will be an extraordinary challenge.

*Second*, the existing schedule does not permit adequate time to ensure a complete testimonial record by soliciting affidavits that adequately address all of the issues that may be raised by an over-length brief. Because defendants' depositions were focused on cross examining AIG's witnesses on issues that defendants believed might support their position, defendants' motion will no doubt require AIG to solicit additional testimony from witnesses through affidavits. This exercise will also be time consuming, and extremely burdensome under the current schedule. For example, there are eleven portfolio managers and research analysts who worked on analyzing the RMBS at issue for purchase. Only four of these witnesses are current AIG employees; all the former employees have full schedules at new employers. AIG will need to impose on many third parties (and employees) to provide affidavits, and over a holiday period when many of them are likely taking vacation.

Moreover, Countrywide's refusal to grant AIG an extension of time is a transparent and hypocritical attempt to prejudice AIG.  Just last month, defendants sought from the Court – and received – a 14-day extension to their time to provide AIG with their portion of a joint stipulation on discovery issues based on their concern they would be unable to "address adequately" the "many issues" raised in AIG's **30-page** briefing.  *See* Dkt. Nos. 516 (*ex parte* motion), 520 (order granting *ex parte*).  If defendants believed a 14-day extension was necessary to prepare a response to a 30-page discovery motion on a very narrow range of issues, they cannot not credibly oppose AIG's request of 30 additional days to "address adequately" defendants' proposed 100-page brief on issues dispositive of the entire case.

Therefore, if the Court grants defendants' request to file an over-length brief, AIG respectfully requests that the Court grant AIG a page extension of comparable length and permit AIG an additional 30 days, until August 6, to file its opposition brief.  An extension of this length is critical to AIG's ability properly to oppose summary judgment, and AIG will be severely, unfairly and unnecessarily prejudiced if such an extension is denied.

DATED: June 11, 2014                         RESPECTFULLY SUBMITTED,

                                             By */s/ James R. Asperger*

                                             James R. Asperger (SBN 83188)
                                             jimasperger@quinnemanuel.com
                                             **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
                                             865 South Figueroa Street, 10th Floor
                                             Los Angeles, CA 90017
                                             Tel: (213) 443-3000
                                             Fax: (213) 443-3100

                                             Michael B. Carlinsky
                                             michaelcarlinsky@quinnemanuel.com
                                             Maria Ginzburg
                                             mariaginzburg@quinnemanuel.com
                                             **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

*Attorneys for Plaintiffs*

-4- Case No. 11-CV-10549-MRP (MANx)
PLAINTIFFS' RESPONSE TO DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO FILE OVER-LENGTH BRIEF